UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KOVEN A. BANKS                                              CIVIL ACTION

VERSUS                                                      NO: 19-274

HOMERO TOSCANO, ET AL.                                      SECTION: "H"

ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under 28 U.S.C. § 1332 require complete diversity.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members."[5] "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008).
[2] *See* 28 U.S.C. § 1332.
[3] *See* Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[5] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

1

member of every LLC or partnership involved in a litigation."[6] A party's citizenship "cannot be established argumentatively or by mere inference."[7]

In their Notice of Removal, Defendants allege that Defendant KLJ Transport, LLC "is a Texas company with its principal place of business in Texas."[8] Defendants do not state the citizenship of every member of Defendant KLJ Transport, LLC. Thus, Defendants have not properly alleged the citizenship of KLJ Transport, LLC. Accordingly, the Court cannot determine the citizenship of KLJ Transport, LLC, and therefore the Court cannot determine whether it has jurisdiction over this suit.

Defendants' failure to properly allege jurisdiction is not fatal.[9] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[10] A district court's discretion to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[11] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[12] Thus, amendment should be allowed where "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist."[13] Accordingly, Defendants are granted leave to file an affidavit to allege distinctly and affirmatively the jurisdictional facts that give rise to diversity jurisdiction in this case.

---

[6] Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).
[7] Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotations marks and footnote omitted).
[8] Doc. 1 at 4.
[9] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[10] 28 U.S.C. § 1563.
[11] *Whitmire*, 212 F.3d at 888.
[12] *Id.*
[13] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants have failed to adequately allege diversity of citizenship. Defendants shall file an affidavit alleging the citizenship of every member of Defendant KLJ Transport, LLC within 10 days from the entry of this Order. Failure to timely file the affidavit will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 15th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**